IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERRY S. LOSEE, <br><br>　　　　　　　Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner, <br> Social Security Administration, <br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [27] REPORT & RECOMMENDATION AND OVERRULING [30] DEFENDANT'S OBJECTION** <br><br> Case No. 2:15-cv-226 DN BCW <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke C. Wells |

　　　　Magistrate Judge Brooke C. Wells's Report and Recommendation[1] under 28 U.S.C. § 636(b)(1)(B) recommends that this case be remanded back to the Commissioner for further findings. Defendant objected[2] to the specific portion of the Report and Recommendation in which Judge Wells concluded that the administrative law judge's determination that Plaintiff could perform the job of surveillance system monitor was not supported by substantial evidence.[3] Plaintiff replied to the objection.[4]

　　　　De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[5]

---

[1] Docket no. 27, filed February 21, 2017.

[2] Defendant's Objection to Magistrate Judge's Report and Recommendation, docket no. 30, filed March 21, 2017.

[3] Report and Recommendation at 8–9.

[4] Plaintiff's Reply to Defendant's Objection to Magistrate Judge's Report, docket no. 31, filed March 31, 2017.

[5] 28 U.S.C. § 636(b).

Under de novo review in a social security case, the district court judge, like the magistrate judge, reviews the commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[6] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] "It requires more than a scintilla, but less than a preponderance."[8] The court will not reweigh the evidence or substitute its judgment for the commissioner's.[9]

Here, the administrative law judge determined that Plaintiff's residual function capacity ("RFC") still allowed Plaintiff to perform sedentary, unskilled work that did not require "[w]ork at more than a low stress level."[10] "Low stress level" meant work at "a low production level," "no working with the general public," "only occasional contact with supervisors and co-workers," and "the ability to deal with only rare changes in a routine work setting."[11] The administrative law judge relied on the expert testimony of a vocational expert to conclude[12] that the Plaintiff, with this sort of RFC, could perform the job of surveillance system monitor as defined in the Dictionary of Occupational Titles ("DOT").[13]

Defendant argues in the objection that substantial evidence supports the administrative law judge's finding that Plaintiff could perform this job.[14] This does not appear to be true.

---

[6] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Transcript at 21.

[11] *Id.*

[12] *Id.* at 28

[13] Dictionary of Occupational Titles 379.367-010

[14] Objection at 3.

The administrative law judge's finding was made despite acknowledging the inconsistency between the DOT job information and the vocational expert's testimony.[15] According to the administrative law judge, this discrepancy could be explained because the DOT job description did not specifically include the kinds of RFC limitations that the administrative law judge determined that Plaintiff exhibited.[16] However, those identified RFC limitations, specifically those pertaining to work at a low stress level appear to be *very much* at odds with the DOT job description for a surveillance system monitor.

The DOT describes this job as follows:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.

As another district court in the Tenth Circuit has recognized, the surveillance system monitor description "indicates that the person 'telephones police or other designated agencies to notify authorities of location of disruptive activities' and that they monitor premises of public transportation terminals to detect 'crimes or disturbances, using closed circuit television monitors and notifies authorities by telephone of needed corrective action.'"[17] This job therefore "requires the ability to talk frequently and to deal with people."[18] This directly conflicts with an RFC limitation on occasional contact with the public and coworkers.[19] It would also appear common

---

[15] Transcript at 28.

[16] *Id.*

[17] *Garver v. Astrue*, No. 09-CV-02259-WYD, 2011 WL 1134721, at *16 (D. Colo. Mar. 28, 2011).

[18] *Id.*

[19] *Id.*

sense that responding to evidence of suspicious criminal activity would not be a low stress occupation.

Because of this direct conflict, the administrative law judge's finding as to the Plaintiff's ability to perform in this occupation is not supported by substantial evidence. Additional findings on this specific determination are necessary, specifically as to the conflict between Plaintiff's RFC and the occupational requirements of a surveillance system monitor. The analysis and conclusion of Magistrate Judge Wells are accepted and the Report and Recommendation[20] is adopted. The case is remanded to the Commissioner for further findings.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[21] is ADOPTED and that Defendant's Objection[22] is OVERRULED. IT IS FURTHER ORDERED that the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for further findings on the specific matter identified herein.

The Clerk shall close the case.

Signed September 28, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[20] Report and Recommendation, docket no. 27, filed February 21, 2017.

[21] Report and Recommendation, docket no. 27, filed February 21, 2017.

[22] Defendant's Objection to Magistrate Judge's Report and Recommendation, docket no. 30, filed March 21, 2017.